ROBERTS, Justice.
By petition for a writ of certiorari we have for review an order of The Florida *443 Industrial Commission which affirmed in part and reversed in part an order of the deputy commissioner.
Claimant, an officer and director of Glo-White, Inc., a paint manufacturing plant, was injured in an explosion on December 3, 1963 and taken to the Tarpon Springs Hospital with multiple bruises and abrasions. Notice was given and compensation paid until June 2, 1965. Subsequently, claim was filed for additional benefits. The deputy, after hearing, awarded additional compensation and medical benefits which included a fifty percent apportioned award for ear injury and for psychoneurosis. Upon review, the Full Commission reversed the award for both the ear difficulty and the neurosis and directed that attorneys’ fees be adjusted to reflect the deletion of that part of the award.
' We have reviewed the petition for writ of certiorari, the records and briefs, have heard oral arguments, and find that we must agree with the conclusions of the dissenting member of the Full Commission, i. e., that the deputy commissioner had competent evidence on which to base his award of compensation for the “sudden” loss of hearing after the explosion. We find no evidence that claimant suffered from loss of hearing until after the industrial accident although there is sufficient evidence to show that claimant did suffer from a pre-existing otosclerosis which the deputy properly apportioned out of the award. Additionally, we must agree that the record shows that claimant was working satisfactorily despite his tendency toward neurosis until after the explosion and ear injury. There is competent evidence to sustain both the apportionment of the deputy and the award based on claimant’s present psychiatric disability.
We conclude that the findings of fact by the deputy commissioner are supported by competent substantial evidence which accords with logic and reason. See United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.
Accordingly, that part of the compensation order of the Full Commission which reversed, the order of the deputy commissioner, together with that portion of said order which directed the deputy commissioner to reconsider the award of attorneys’ fees, should be and is quashed with directions that the order of the deputy commissioner dated November 14, 1966 be reinstated.
It is so ordered.
CALDWELL, C. J., THORNAL and ADAMS, JJ., and SPECTOR, District Court Judge, concur.